JOURNAL ENTRY AND OPINION
Defendant-appellant, Antonio Woods appeals from the judgment of the trial court that denied his motion to dismiss the escape charge brought pursuant to R.C. 2967.28, the post-release control statute. On appeal, defendant urges that his motion to dismiss should have been granted because his conviction for escape, as applied to him, is unconstitutional. Specifically, he contends that his indictment for escape is unconstitutional because it arose from post-release control provisions that were not made a part of his original sentence in CR-367851. After careful review, we reverse and remand with instructions.
Defendant filed his motion to dismiss on June 27, 2000. At that time, the post-release control statute was deemed unconstitutional by virtue of this Court's decision in State v. Jones(Sept. 2, 1999), Cuyahoga App. No. 74247, unreported. In his motion to dismiss, defendant specifically asserted that his escape charge that stemmed from his alleged violation of post-release control provisions in CR-367851 was unconstitutional. Defendant based his motion to dismiss in part on the then binding authority of Jones. When the court ruled upon defendant's motion to dismiss on July 17, 2000, Jones was still pending on appeal before the Ohio Supreme Court. On that basis, the trial court denied defendant's motion to dismiss. After being found guilty upon his plea of no contest, defendant timely filed the instant appeal and assigns a single error for our review:
 I. APPELLANT'S ESCAPE CONVICTION IS CONTRARY TO DUE PROCESS AND SEPARATION OF POWERS BECAUSE IT IS BASED UPON A DETENTION IMPOSED IN VIOLATION OF SEPARATION OF POWERS AND DUE PROCESS, SPECIFICALLY POST-RELEASE CONTROL THAT WAS NOT PART OF THE ORIGINAL JUDICIALLY IMPOSED SENTENCE.
In his sole assignment of error, defendant contends that because the sentencing journal from his conviction in CR-367851 makes no reference to post-release control, the escape charge that arose from the alleged violation of post-release control is unconstitutional as applied to him. In response, the State contends on the authority of Woods v. Telb (2000), 89 Ohio St.3d 504, that the post-release control statute as well as defendant's conviction for escape stemming therefrom is constitutional.
In Woods, supra, the Court found that R.C. 2967.28 did not violate the separation of powers doctrine or the due process clauses of either the United States or Ohio Constitutions. Id. The court emphasized, however, that in order to be considered constitutional the offender must be given notice of the post-release control at the time of the original sentence. Id. at 513. Specifically, the trial court must inform the offender "at sentencing or at the time of a plea hearing" that post-release control is part of the offender's sentence. Id. With these qualifications, the Supreme Court reversed and remanded Jones for a judgment consistent with Woods.
At the time the trial court denied defendant's motion to dismiss, it did not have the guidance of the constitutional criteria set forth by the Ohio Supreme Court in Woods. As a result, the trial court never made the purely factual determination of whether the court had notified defendant of the post-release control at the time of his plea or sentence in CR-367851.
The State contends that defendant displayed knowledge of his obligation to report to the Adult Parole Authority and that this proves that he was notified of post-release control. But, adhering to the directives established by the Supreme Court, the proper inquiry is whether he was informed at the time of his plea or sentencing hearing. This is a factual determination which we cannot make based upon the record before us.
In cases such as this, where it is not evident from the sentencing journal,[1] the trial court must look at transcripts of the original sentencing or plea hearings to determine whether the offender was informed about post-release control.
Accordingly, we remand this case to the trial court for further proceedings consistent with our opinion. Specifically, we direct the trial court to review the entire record from CR-367851 to determine whether defendant was informed at the time of the plea or sentencing hearing that post-release control was part of his sentence in that case.
Judgement reversed and remanded with instructions.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Although defendant submitted the sentencing journal which does not refer to post-release control, the Ohio Supreme Court clearly stated in Woods that the offender could be informed at sentencing or at the time of a plea hearing. Id. at 513. Accordingly, the Ohio Supreme Court did not confine the inquiry to the provisions of the sentencing journal entry.